**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4434**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIMMY EDWARD SIMPLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:19-cr-00023-FL-1)

Submitted:  April 30, 2024                    Decided:  May 23, 2024

Before WILKINSON, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF**:  Michelle A. Liguori, ELLIS & WINTERS, LLP, Raleigh, North Carolina; Marcus A. Shields, ELLIS & WINTERS LLP, Greensboro, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Casey L. Peaden, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Edward Simpler pled guilty, pursuant to a written plea agreement, to distribution of a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). As part of Simpler's plea agreement, the Government agreed to dismiss the remaining count in his indictment. The district court sentenced Simpler to a total term of 93 months' imprisonment, which included a 33-month term on Counts Two and Three and a mandatory, consecutive 60-month term on Count Four. Simpler appealed.

In his appellate brief, Simpler argues that (1) his guilty plea was not knowing and voluntary because he was not aware that the Government could hold him accountable at sentencing for conduct associated with the dismissed count; and (2) defense counsel rendered ineffective assistance during the plea process and sentencing. Specifically, Simpler faults his counsel for failing to advise him that conduct charged in the dismissed count could be used against him at sentencing, and for failing to object to the presentence report's (PSR) drug quantity calculations. However, following completion of briefing in this case, the parties filed a joint motion to affirm Simpler's convictions but vacate his sentence and remand for resentencing based on Simpler's argument that his attorney was ineffective for not objecting to the PSR's drug quantity calculations.[1] Simpler's counsel

---

[1] Simpler is represented by new counsel on appeal.

2

states that Simpler wishes to withdraw his claims regarding the voluntariness of his plea and the ineffectiveness of his counsel in advising him to plead guilty.

Having considered the record, we grant the parties' motion and affirm Simpler's convictions but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*